# KASOWITZ BENSON TORRES LLP

|  |  |  |
|---|---|---|
| | 1633 BROADWAY | ATLANTA |
| | NEW YORK, NEW YORK 10019 | HOUSTON |
| Mark W. Lerner | (212) 506-1700 | LOS ANGELES |
| Direct Dial: (212) 506-1728 | FAX: (212) 506-1800 | MIAMI |
| Direct fax: (212) 835-5028 | | NEWARK |
| MLerner@kasowitz.com | | SAN FRANCISCO |
| | | SILICON VALLEY |
| | | WASHINGTON DC |

October 6, 2021

> Application **GRANTED**. The Clerk of Court is respectfully directed to seal the exhibits at Dkt. Nos. 2-11 and 2-12. Only the parties listed in the attached appendix shall have access to Dkt. Nos. 2-11 and 2-12.
>
> So Ordered.
>
> Date: October 7, 2021
> New York, New York
>
> *[signature]*
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**BY ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, Room 1106
New York, New York 10007

Re: *Debbie Markowitz v. KBI Services d/b/a Kindbody*
    Civil Action No. 21-mc-00397-LGS

Dear Judge Schofield:

We filed a stipulation and proposed order on October 6, 2021 (the "Stipulation") to substitute in as counsel to Respondent KBI Services, Inc. ("Kindbody"). (ECF No. 38.)[1] Pursuant to, and in accordance with, Rule I.D. of the Court's Individual Rules of Practice ("Individual Rules"), Kindbody respectfully requests the sealing of two documents attached as exhibits to Plaintiff Debbie Markowitz's ("Plaintiff") Declaration in support of her Motion to Disqualify that were publicly filed in the above-referenced action (the "Action") on April 9, 2021. We have conferred with Plaintiff and Plaintiff does not oppose the relief Kindbody seeks in this motion.[2]

As background, Plaintiff commenced the Action to disqualify Kindbody's prior counsel, Lowenstein Sandler, in a pending arbitration between the parties ("Arbitration"). In light of our firm's substitution as counsel in both the Action and in the Arbitration, Plaintiff has agreed to file a stipulation of dismissal of the Action – after the Court so-orders the Stipulation – as it is now moot. Nevertheless, we submit this letter motion immediately upon our substitution to protect Kindbody's confidential information from continued public access, consistent with Second Circuit's ruling in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

---

[1] We initially filed a stipulation and proposed order to substitute as counsel on September 30, 2021 (ECF No. 34); the Court denied that initial application without prejudice inasmuch as opposing counsel had not signed the stipulation (ECF No. 37). That defect has been remedied. (ECF No. 38.)

[2] We initially submitted this letter motion on September 30, 2021. (ECF No. 35.) The Court denied the letter motion without prejudice, ordering that we re-submit the letter motion with an appendix identifying all parties and attorneys of record who should have access to the sealed documents. (ECF No. 36.) We respectfully refer the Court to the Appendix on the last page of this letter motion.

K ASOWITZ  B ENSON  T ORRES  LLP

Hon. Lorna G. Schofield
October 6, 2021
Page 2

Specifically, Kindbody seeks to seal two exhibits to the Declaration in Support of Plaintiff's Motion to Disqualify: (i) ECF No. 2-11, which is Plaintiff's Demand for Arbitration submitted in the Arbitration and the exhibits annexed thereto; and (ii) ECF No. 2-12, which is Kindbody's Answer and Counterclaims submitted in the Arbitration (collectively, the "Arbitration Pleadings").[3]

### I.   Standard Applicable to Sealing Under *Lugosch*

In *Lugosch*, the Second Circuit Court of Appeals explained that the public has a presumptive "right of public access to judicial documents." 435 F.3d at 119. "'[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Id*. at 115 (quotation omitted). "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id*. (quotation omitted). Where documents are not "judicial," there is no presumption of public access. *Id.* at 119.

"Once the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption. . . . 'Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id.* (quotation omitted). Where documents "play only a negligible role in the performance of the court's Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* at 121.

"Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120 (citations and quotation omitted). Even where the public right of access attaches, "'documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quotation omitted). Courts in the Second Circuit routinely hold that such "higher values" include protecting from disclosure proprietary, sensitive, and confidential business information. *See*, *e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing sealing of "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'") (quotation omitted); *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents filed in connection with motion for preliminary injunction where documents contained company's proprietary marketing strategies, product development, costs and budgeting information).

---

[3] We note that Rule I.D.3 of the Individual Rules state in part that if the moving party is not the filing party, it must file a letter "within two business days" in support of the motion to seal. We respectfully request that the Court nevertheless consider this letter motion given the filing party's consent to the sealing of the two documents at issue.

KASOWITZ BENSON TORRES LLP

Hon. Lorna G. Schofield
October 6, 2021
Page 3

### II. This Court Should Seal the Arbitration Pleadings

Even though Plaintiff attached the Arbitration Pleadings as exhibits to her declaration in support of her motion to disqualify, they are not judicial documents and therefore do not trigger a presumptive right of public access. Even assuming that they are judicial documents, however, the presumptive right of access to them is low and is in any event rebutted by the need to preserve the higher value of protecting Kindbody's confidential and sensitive business information.

#### A. The Arbitration Pleadings Are Not Judicial Documents

As an initial matter, the Arbitration Pleadings are not judicial documents. As described above, a judicial document "must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 115. Although the Arbitration Pleadings are attached as exhibits to Plaintiff's declaration in support of her motion to disqualify, they have no relevance to the issue presented in that motion which turns exclusively on whether Kindbody's former counsel should be disqualified from representing Kindbody. They are extraneous exhibits that merely show that the Arbitration was commenced and contain allegations concerning Plaintiff's employment with Kindbody and Kindbody's assertion that she misappropriated its confidential and proprietary information. Accordingly, there is no presumptive right of public access to the Arbitration Pleadings. *See Standard Inv. Chartered v. National Ass'n of Secs. Dealers, Inc.*, 621 F. Supp. 2d 55, 66 (S.D.N.Y. 2007) (holding that documents attached to Rule 12(b)(6) motion to dismiss are not judicial documents).

#### B. Even Assuming *Arguendo* That the Arbitration Pleadings Are Judicial Documents, The Public Right of Access to Them Is Low and They Should Be Sealed to Protect Kindbody's Confidential Information

Even assuming the Arbitration documents are judicial documents (and they are not), the presumption in favor of public access to them is "at the low end" because the Court's consideration of the Arbitration Pleadings would be "negligible" in the performance of its duties. *Lugosch*, 435 F.3d at 121 (quotation omitted). Moreover, any presumption of public access is rebutted to preserve the higher value of protecting Kindbody's confidential and sensitive information for two reasons.

*First*, Plaintiff and Kindbody explicitly agreed that the Arbitration would be confidential so the Arbitration Pleadings are, *ipso facto*, confidential. (*See* Plaintiff's Employment Agreement (ECF No. 2-11 at p. 20) § 10 (stating that the parties "agree to submit to mandatory, final, binding and confidential arbitration").) Despite Plaintiff's public filing, the Court should give effect to the parties' agreement and seal the Arbitration Pleadings. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826-28 (2d Cir. 1997) (affirming district court's sealing of arbitration file); *cf. Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) ("Courts in this district have long

KASOWITZ BENSON TORRES LLP

Hon. Lorna G. Schofield
October 6, 2021
Page 4

held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases).

     *Second*, the Arbitration Pleadings contain confidential and sensitive information that can damage the company if obtained by its competitors including, without limitation, the following: the terms and conditions of Ms. Markowitz's employment with Kindbody including compensation (ECF No. 2-11 at pp. 15-22); the substance of sensitive internal e-mail correspondence exchanged with Kindbody's executive team (ECF No. 2-11 at pp. 4-5, ¶¶ 14-20); letter correspondence concerning Kindbody's confidential and proprietary documents (ECF No. 2-11 at pp. 24-25); and the names of specific Kindbody acquisition targets and competitive and sensitive documents (ECF No. 2-12 at pp. 15-16, ¶¶ 32-33).  Accordingly, sealing is warranted due to the documents' confidential and sensitive nature and the resulting harm that would be caused to Kindbody if such information were obtained by competitors.  *See*, *e.g.*, *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511 (allowing sealing of "specific business information and strategies" and other "confidential business information"); *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649-50 (S.D.N.Y. 2011) (granting motion to seal proprietary information).

                              \*               \*               \*

     Accordingly, for the foregoing reasons, Kindbody respectfully requests that the Court grant its request to seal the two Arbitration Pleadings, ECF Nos. 2-11 and 2-12, in their entirety.[4]

     We thank the Court for its consideration of this letter motion.

                                                                               Respectfully submitted,

                                                                               Mark W. Lerner

---

[4] In the alternative, Kindbody respectfully requests that the Court grant Kindbody leave to submit an amended letter motion proposing redactions to these two documents. *See Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, No. 21-cv-00207, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021) (denying motion to seal without prejudice and permitting movants to submit amended motion proposing redactions).

# **APPENDIX**

Kindbody identifies the following parties and attorneys of record who should have access to the Arbitration Pleadings (ECF Nos. 2-11 and 2-12):

1. Respondent KBI Services, Inc., and its attorneys from Kasowitz Benson Torres LLP (Mark W. Lerner and Jessica T. Rosenberg)

2. Petitioner Debbie Markowitz, and her attorneys from Crumiller P.C. (Arastu K. Chaudhury and Hilary J. Orzick)